

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00790-CR

Sebastian Lee **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR10951
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice
              H. Todd McCray, Justice

Delivered and Filed: March 5, 2025

DISMISSED

Pursuant to a plea bargain, appellant pleaded nolo contendere to murder. The trial court sentenced him to thirty years with the Texas Department of Criminal Justice, Institutional Division on November 18, 2024. The trial court, at that time, signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* We must dismiss

an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by appellant. It also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave appellant permission to appeal. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case, and appellant does not have a right to appeal. *See id.* R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On January 22, 2025, we notified appellant this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing appellant has the right of appeal was made part of the appellate record by February 21, 2025. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears*, 154 S.W.3d at 613; *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.). We admonished appellant that if he failed to satisfactorily respond to this order within the time provided, the appeal will be dismissed. Appellant has not responded to our order.

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH